United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| CENTURY AIR SOLUTIONS, LLC § | |
| DEBTOR § | BANKRUPTCY CASE NO. 23-33123 |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION
### (Docket No. 63)

Came on for consideration the Debtor's First Amended Subchapter V Plan of Reorganization filed January 16, 2024 [ECF No. 63], pursuant to 11 U.S.C. § 1191. After hearing evidence, the Court finds as follows:

1. The Subchapter V Plan of Reorganization ("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation.

4. The Plan complies with the applicable provisions of 11 U.S.C. § 1191(a). It is

**ORDERED** and **ADJUDGED** that:

1. The Debtor's Plan of Reorganization is hereby CONFIRMED under 11 U.S.C. §§ 1129(a) and 1191(a). The Debtor will act as the Disbursing Agent to make all payments to creditors pursuant to the terms of the Plan.

2. Sylvia Mayer, appointed as the Subchapter V Trustee of this case (the "Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional fees, under 11 U.S.C. § 330, for services performed prior to confirmation of the Plan. Debtor shall pay approved Subchapter V fees and expenses as provided under the Plan and by Order of this Court.

3. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

4. On the Effective Date of the Plan, all property of the bankruptcy estate shall vest in the Debtor pursuant to 11 U.S.C. § 1141(b). If the Debtor defaults in performing under the provisions of the Plan and the Chapter 11 case is converted to Chapter 7, all property vested in the Debtor, and all subsequently acquired property owned as of or after the conversion date shall revest and constitute property of the bankruptcy estate in the chapter 7 case.

5. Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6. On the Effective Date, the Debtor shall be discharged as provided in 11 U.S.C. § 1141.

7. This Court retains jurisdiction to interpret and enforce the Plan and this Order.

8. To the extent there are conflicting provisions between the Plan and this Order, this Order shall govern.

9. **Additional Plan Language for Class 2 Secured Tax Claimants:**

Pertains to the allowed secured claims of **Harris County ESD #16, Harris County ESD #11, Lone Star College System, Klein ISD, HC MUD #368 (collectively, the "Taxing Authorities").** The claims of the Taxing Authorities include ad valorem taxes for tax years 2022 and 2023.

In the event the Reorganized Debtor sells, conveys or transfers any of the properties which are the collateral of the Taxing Authorities or post-confirmation tax debt of the Taxing Authorities, the Reorganized Debtor shall remit such sales proceeds first to each respective Taxing Authority for the payment of any tax debts owed incident to any such property/tax account sold, conveyed, or transferred, and such proceeds shall be disbursed by the closing agent at the time

of closing to such Taxing Authority prior to any disbursement of the sale proceeds to any other person or entity.

The Reorganized Debtor shall have sixty (60) days from the Effective Date to object to the claims of the Taxing Authorities; otherwise, the claims of the Taxing Authorities shall be deemed as allowed secured claims in the amounts set forth in each respective Proof of Claim. The allowed claims of the Taxing Authorities shall be paid on the Effective Date. Such tax claims shall be paid with accrued statutory post-petition interest to the extent allowed under applicable non-bankruptcy law. The Taxing Authorities shall retain all statutory liens securing any pre-petition and post-petition tax debts until such tax debts are paid in full. The Reorganized Debtor shall pay all post-petition ad valorem tax liabilities (tax year 2024 and subsequent tax years) owing to the Taxing Authorities in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need to file an administrative expense claim and/or request for payment.

Should the Reorganized Debtor fail to make the payments as required in this Plan, the Taxing Authorities shall provide written notice of that default by sending written notice by first class mail to Reorganized Debtor and Debtor's attorney advising of that default and providing the Reorganized Debtor with a period of five (5) calendar days to cure the default. In the event that the default is not cured within five (5) days, the Taxing Authorities may, without further order of this Court or notice to the Reorganized Debtor, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. The Reorganized Debtor shall be entitled to no more than one (1) Notice of Default.  In the event of a second (2nd) default, the Taxing Authorities may pursue all rights and remedies available to them under the Texas Property Tax Code in state district court without further order of this court or further notice to the Debtor.

10. Nothing contained in the Plan (including any amendments and/or modifications of the Plan) and/or order confirming, amending, and/or modifying the Plan (i) enjoins or precludes in any way the rights of any holders of Claims or any party in interest from pursuing any contractual or legal remedies of such parties against any third parties including but not limited to any guarantors as to such parties and/or any other co-obligors of the Debtor, and /or (ii) provides any releases to any third parties including any guarantors or any other co-obligors of the Debtor.

Signed: February 28, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge